UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID MILES,

                Plaintiff,

v.                                   **DECISION AND ORDER**
                                          07-CV-691S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

       1.       Plaintiff David Miles challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since October 30, 2001 due to a back impairment and depression.[1] Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

       2.       Plaintiff filed an application for Disability Insurance benefits ("DIB") on October 30, 2001. (R. at 47.[2]) His application was denied initially, after which he requested a hearing before an ALJ. (R. at 47.) That hearing took place on January 12, 2004. The ALJ considered Plaintiff's case *de novo*, and on March 24, 2005, issued a decision denying Plaintiff's application for benefits. On August 22, 2007, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action challenging Defendant's final decision on October 18, 2007.[3]

---

[1] During the administrative hearing, Plaintiff amended his onset date to October 30, 2001, the date on which he filed his application for benefits. (R. at 351-52.)

[2] Plaintiff previously filed an application for Supplemental Security Income on November 7, 1997. (R. at 24.) His application was denied. (Id.)

[3] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review.

1

3. The parties subsequently filed Motions for Judgment on the Pleadings.[4] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on April 23, 2008. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

---

[4] Both Plaintiff and Defendant filed their Motions on March 4, 2008. (Docket Nos. 4 and 6.)

may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

3

see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since October 30, 2001 (R. at 26); (2) Plaintiff's alcohol dependence, cocaine dependence, marijuana abuse, depressive disorder, and back impairments are "severe" impairments within the meaning of the Act (R. at 27, 40[5]); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 404 (R. at 27); (4) Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light work, and essentially the full range of sedentary work, with certain restrictions (R. at 37-38[6]); and (5) Plaintiff is unable to perform any of his past relevant work (R. at 38), but

---

[5] The ALJ held that Plaintiff's depressive order was "severe" only when substance abuse is present. (R. at 38, 40.)

[6] Specifically, the ALJ held that Plaintiff has "no limitations in sitting, with normal breaks and the opportunity to stand up and stretch for a minute or two when sitting; is able to stand/walk intermittently and for at least two hours up to about four hours total in an eight-hour workday, with normal breaks; and has been capable of lifting, carrying and pulling up to 20 pounds occasionally and ten pounds frequently until

4

based on his age, education, work experience, and RFC, Plaintiff is capable of performing less than a full range of light work and a full range of sedentary work (R. at 40). The ALJ therefore concluded that Plaintiff was not disabled.

10. Plaintiff asserts a number of challenges to the ALJ's decision. First, Plaintiff argues that the ALJ erred in finding Plaintiff's alcoholism materially contributed to his disability. (Pl.'s Reply, pp. 2-4.[7]) Specifically, Plaintiff contends that his alcoholism preceded his mental problems and, therefore, his alcohol use had no effect on his mental condition.

Under the Regulations, "[t]he key factor . . . in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether [the plaintiff would be] disabled if [they] stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b)(1). Here, the ALJ found that Plaintiff would not be disabled in the absence of substance abuse. (R. at 39.) Plaintiff offers no evidence to set aside this determination, but instead, conclusorily states that his mental conditions pre-existed his alcoholism. (Pl.'s Reply, p. 4.) Further, Plaintiff overlooks the fact that the ALJ not only found Plaintiff's alcoholism to be a material contributing factor, but also noted his cocaine and marijuana use as similar material contributing factors. Because Plaintiff's argument is without support and overlooks his substance abuse issues, this Court finds that the ALJ committed no error.

11. Plaintiff also argues that the ALJ erred by failing to re-contact Drs. J.S. Rhee,

---

July 1, 2003, and ten pounds at a time occasionally less than ten pounds frequently thereafter. . . . He is limited to simple routine, repetitive, unskilled work tasks." (R. at 37-38.)

[7] Referring to Plaintiff's Reply Memorandum of Law in Support of the Motion for Judgment on the Pleadings. (Docket No. 10.)

Komal Chandan, and Anant Sonpatki to clarify their medical opinions. (Pl.'s Mem., pp. 4-8.[8]) Plaintiff contends that their opinions required clarification because they were ambiguous and inconsistent. Dr. Rhee assessed Plaintiff's mental condition, whereas Drs. Chandan and Sonpatki evaluated Plaintiff's physical abilities.

Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 404.1512(e). Additional evidence or clarification is sought if there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1512(e)(1); Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998). But the ALJ is not prevented from making a disability determination if "the evidence . . . , including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, [so long as the ALJ weighs] all of the evidence and see[s] whether [he] can decide whether [plaintiff is] disabled based on the evidence." 20 C.F.R. § 404.1527(c)(2).

Here, there is no indication that the ALJ had insufficient evidence or could not reach a conclusion based on the record before him. Although Dr. Rhee stated that Plaintiff had "poor or no[]" ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stresses, and maintain attention concentration (R. at 334), the ALJ found that Dr. Rhee's opinion "did not discount the impact [that Plaintiff's] substance abuse [has] on his functioning" (R. at 32). Because the ALJ held that Plaintiff's mental issues were

---

[8] Referring to Plaintiff's Memorandum of Law in Support of the Motion for Judgment on the Pleadings. (Docket No. 6.)

non-severe in the absence of substance abuse, a finding that was supported by Dr. Rachel Hill (R. at 30, 191), the ALJ refused to credit an opinion that failed to take his substance abuse into consideration. Additionally, because Plaintiff was abusing drugs and alcohol during the period in which Dr. Rhee treated him (R. at 248, 324, 373), the ALJ properly rejected Dr. Rhee's medical opinion, and committed no err in failing to re-contact him.

Regarding Plaintiff's physical condition, Plaintiff also argues that the ALJ erred by failing to re-contact Drs. Chandan and Sonpatki to clarify their ambiguous statements. (Pl.'s Mem., pp. 5-8.) Specifically, Plaintiff argues that Drs. Chandan and Sonpatki's use of the terms "unable to work, very limited, and disabled," are too vague to determine whether Plaintiff is capable of performing certain work. In support, Plaintiff cites Curry v. Apfel, 209 F.3d 117, 123 (2d Cir. 2000), a case where the United States Court of Appeals for the Second Circuit held that the ALJ improperly relied on a doctor's statement that the plaintiff had "moderate" and "mild" limitations to establish disability. Important to the Court's decision was the doctor's failure to elaborate on the plaintiff's limitations and, thus, the Court held that the ALJ erred by solely relying on these vague assertions.

But here, unlike Curry, the ALJ did not rely on the opinions of Drs. Chandan or Sonpatki to support her conclusion. And, when determining Plaintiff's disability, the ALJ in this case did not solely rely on one doctor's ambiguous statements, but thoroughly discussed numerous doctors' opinions. Because the other medical opinions referenced in the ALJ's twenty page decision offer more than a mere scintilla of evidence to sustain the ALJ's determination that Plaintiff is not disabled, this Court finds the ALJ committed no error in not re-contacting Drs. Chandan and Sonpatki.

12. Plaintiff also argues that the ALJ erred by failing to give proper weight to

7

Plaintiff's treating sources, Drs. Rhee and Chandan. (Pl.'s Mem., pp. 8-10.) Under the "treating physician rule,"[9] an ALJ must give controlling weight to a treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), an ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (4) consistency, (5) specialization of treating physician, and (6) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

Here, the ALJ fully discussed the opinions of Drs. Rhee and Chandan, and explained why they were not entitled to controlling weight. With regard to Dr. Chandan, the ALJ discussed the contents of the opinion, and then noted that the opinion was inconsistent with the medical evidence of record. (R. at 31.) Moreover, Dr. Chandan's

---

[9] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

conclusion is not supported by her own notes, as she indicated that Plaintiff's "multiple body systems" were "normal" (R. at 325), but then concluded that Plaintiff was incapable of performing sedentary work (R. at 326). See 20 C.F.R. § 404.1527(d)(2). Regarding Dr. Rhee, the ALJ rejected his opinion for the reasons mentioned above, namely that Dr. Rhee failed to discount the impact that Plaintiff's substance abuse had on his mental health functioning. (R. at 37.) Accordingly, the ALJ properly applied the treating physician rule, and did not err.

13. Plaintiff also argues that the ALJ did not properly assess Plaintiff's subjective complaints when determining his residual functional capacity. (Pl.'s Mem., pp. 10-13.) Plaintiff contends that his subjective complaints are supported by the objective medical evidence and also contends that the ALJ improperly considered his daily activities when evaluating his subjective complaints.

This Court disagrees. First, Plaintiff's argument that his subjective complaints are entitled to "great weight" because they are supported by the objective medical evidence of Drs. Chandan and Rhee (Pl.'s Mem., pp. 11-12) is without merit because the ALJ has properly rejected the findings of both Drs. Chandan and Rhee. Second, the ALJ committed no err when assessing Plaintiff's credibility by comparing his subjective complaints with his daily activities. See 20 C.F.R. § 416.929(c)(consider plaintiff's daily activities when determining intensity and persistence of one's symptoms). Further, upon evaluating Plaintiff's credibility, the ALJ discussed Plaintiff's alcohol and drug abuse (R. at 36), his interaction with individuals and drug dealers (Id.), and the inconsistencies between his statements of pain and daily activities (Id.). Accordingly, this Court finds that the ALJ committed no error when weighing Plaintiff's subjective complaints.

14. Plaintiff also argues that the ALJ's RFC determination was not supported by substantial evidence. (Pl.'s Mem., pp. 13.) In support, Plaintiff argues that the ALJ did not properly weigh Plaintiff's complaints, and did not cite any medical evidence to support her RFC finding. First, the ALJ did not grant much weight to Plaintiff's subjective complaints because the ALJ found that Plaintiff was not credible for the reasons mentioned above. Second, despite Plaintiff's contention, the ALJ cited numerous pieces of medical evidence throughout his opinion, all of which were relevant and used when determining Plaintiff's RFC. Accordingly, this Court finds that the ALJ did not err, and her RFC determination is supported by substantial evidence.

15. Finally, Plaintiff argues that the ALJ erred by not eliciting testimony from a vocational expert to determine whether there were jobs in the national economy that Plaintiff could perform. (Pl.'s Mem., pp. 15-16.) Plaintiff contends that the ALJ committed an error of law by not seeking the testimony of a vocational expert to determine the loss of work capacity due to Plaintiff's non-exertional impairments. But the ALJ found that Plaintiff did not have any non-exertional impairments in the absence of substance abuse. (R. at 38-39.) Thus, Plaintiff's argument is flawed, and the ALJ committed no error in not seeking the testimony of a vocational expert.

16. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering her decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on

the Pleadings, and deny Plaintiff's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 7, 2009
       Buffalo, New York

                                              /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                         United States District Judge